## Case No. 4,698.

### The FAVORITE.

[2 Flip. 86; [1] 25 Int. Rev. Rec. 202.]

District Court, E. D. Michigan. Oct. 15, 1877.

F. H. Canfield, for libellant.
H. C. Wisner, for respondent.

BROWN, District Judge. That the surety in this case, being a married woman and having no interest in the vessel, is not bound by her stipulation, is too clear for argument, and in fact is conceded by counsel. De Vries v. Conklin, 22 Mich. 255; West v. Laraway, 28 Mich. 468.

It is claimed, however, that the vessel having once been released from custody is forever discharged of the lien, and the court has no power to order her re-arrest. The Union [Case No. 14,346]; The White Squall [Id. 17,570]; The Kalamazoo, 9 Eng. Law & Eq. 587; The Old Concord [Case No. 10,482]. In none of these cases, however, was there any mistake or fraud at the time the stipulation was signed. In The Union and The Kalamazoo the amount of damages claimed in the libel was increased. In The White Squall the vessel was returned to custody by the consent of the parties, against the protest of a person having an interest in the vessel; and in The Old Concord the sureties had become insolvent. Conceding that the court has no power to order the re-arrest of a vessel once fairly discharged upon a binding stipulation or for any cause not existing at the time the stipulation was accepted, I am clearly of the opinion that this power exists, whenever through mistake or fraud a stipulation has been accepted which was not binding upon the parties signing it.

An order will be made for the re-arrest of the vessel.